UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **ANTONIO PENA CONTRERAS,** <br> Defendant. | Case No.: CR 12-00197 YGR <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** <br><br> Re: Dkt. No. 86 |

On September 7, 2016, Antonio Pena Contreras filed *pro se* a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 86)[1] The U.S. Probation Office submitted a report in connection with defendant's motion. (Dkt. No. 87 ("Probation Report").) Having considered all of the papers filed, the record in this case, and for good cause shown, the Court **DENIES** the motion.

**I.   BACKGROUND**

On February 28, 2013, Antonio Pena Contreras was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. sections 846 and 841(b)(1)(A)(viii). He was sentenced to 156 months in prison. (Dkt. No. 55.) Contreras pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement.

**II.   DISCUSSION**

Contreras' motion to reduce sentence is premised upon Amendment 782 to section 1B1.10(d) of the U.S. Sentencing Guidelines, which revised the Drug Quantity Table sentencing guidelines across drug and chemical types and reduced the offense level for certain drug trafficking

---

[1] Contreras' filing at Docket Number 86 is styled as a letter requesting that Contreras be "appointed counsel to initiate the process for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)." However, given Contreras' *pro se* status, the Court interprets the letter as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).

offenses. He argues that he may be entitled to receive a reduced sentence pursuant to 18 U.S.C. section 3582(c)(2), which allows for modification of a term of imprisonment where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." U.S.S.G. section 1B1.10(a)(1) provides that a defendant's sentence may be reduced where the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a)(1).

Contreras is not eligible for a reduction in sentence because the Court granted a downward variance at the time of sentencing that resulted in a lower sentence than he would receive under the new Guidelines. Specifically, the calculation based on the new Guidelines where the Total Offense Level is 35 and the Criminal History Category is II would result in a Guidelines range of 188 to 235 months. Here, the Court imposed a sentence of 156 months. Thus, the application of Amendment 782 does not serve to reduce Contreras' sentence.

**III. CONCLUSION**

In conclusion, for the foregoing reasons, the Court **DENIES** Contreras' motion to reduce sentence. The clerk shall mail Mr. Contreras a copy of the Probation Report (Dkt. No. 87), along with this order.

This terminates Docket Number 86.

**IT IS SO ORDERED**.

Date: October 18, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**